**ERIE RESISTOR CORPORATION and Clevite Corporation, Plaintiffs,**

**v.**

**SOLAR MANUFACTURING CORPORATION, Defendant.**

**Civ. No. 1023–58.**

United States District Court
S. D. California,
Central Division.

May 4, 1961.

———◆———

Kendrick, Schramm & Stolzy, Los Angeles, Cal., for plaintiffs, by Ralph Hammar, Erie, Pa., for Erie Resistor Corp., and by Harry C. Page, Cleveland, Ohio, for Clevite Corp.

Harris, Kiech, Russell & Kern, Los Angeles, Cal., Arthur Richenthal, Ostrolenk, Faber, Gerb & Soffen, by Marvin C. Soffen, New York City, for defendant.

KUNZEL, District Judge.

Application for the patent in suit was filed by R. B. Gray on September 20, 1946. The patent was issued as 2,486,-560 (Ex. 1 herein) on November 1, 1949, and Gray assigned it to plaintiff Erie Resistor Corporation. Plaintiff Clevite Corporation is the exclusive licensee un-der the patent. The United States Court of Claims in Erie Resistor Corp. v. United States, 1960, 279 F.2d 231, found the patent to be valid and infringed. The Court of Claims considered all the prior art referred to by the defendant in this action, and the contentions of the government in that case were almost identical to the contentions made by defendant herein.

Defendant contends that the patent is invalid because of (1) anticipation by prior art; (2) obviousness; and (3) mere new use for an old composition. I shall consider these contentions in order.

*Anticipation by prior art.*

Defendant here relies principally upon Wainer Patent 2,467,169 (Ex. E), application filed November 12, 1942 and patent issued April 12, 1949; and upon a Russian publication by V. Ginsburg (Ex. N), the date of publication of which is deemed to be February 1946 by stipulation. The above Wainer patent was considered by the patent office in connection with another Wainer patent, 2,402,515, issued June 18, 1946, which latter patent is one of the references cited in the Gray patent. The patent office also considered an article by Wainer dated 1946. The Court of Claims considered both Wainer patents and found that Wainer Patent 2,467,169 (Ex. E) did not teach "that a polycrystalline barium titanate ceramic may be polarized to produce a useful piezoelectric material." 279 F.2d 231, 244–245.

Defendant's main contention regarding Exhibit E is that the following language of this Wainer patent clearly shows that it anticipated the Gray patent:

"Application of the materials disclosed herein in the fields of pyroelectricity and supersonics is indicated and its use in the construction of crystal or condenser microphones, * * * amplifiers, [and] phonograph pickups * * * will be found highly advantageous."

However, the Wainer patent only refers to a dielectric material, and nowhere in

the patent is there any indication that the material could be made piezoelectric, which is necessary to produce a transducer.

The Ginsburg article (Ex. N) was also considered by the patent office. See 279 F.2d 231, 245. Defendant's expert, Dr. Wieder, and plaintiffs' expert, Dr. Jaffe, disagree on what the Ginsburg article teaches; but Dr. Jaffe did state in reference to his own work in this field that,

> "* * * it is possible that the Ginsburg paper, if I had seen it, as I did not, might have provided that additional facet or illumination that I needed." Trans. proc. p. 560, 11. 7–10.

Dr. Jaffe is a highly skilled physicist and inventor, and from his testimony it is apparent that the Ginsburg article would not teach an ordinary person skilled in the art how to produce a useful piezoelectric material. Also, the Ginsburg article certainly does not meet the test laid down by the courts in relation to when a foreign publication can be said to anticipate an invention; that is, the foreign publication must "* * * be an account of a complete and operative invention capable of being put into practical operation." Seymour v. Osborn, 1871, 78 U.S. 516, 555, 11 Wall. 516, 555, 20 L.Ed. 33; and see Rem-Cru Titanium v. Watson, D.C., 1957, 152 F.Supp. 282, 287.

I have considered the exhibits introduced by defendant to show anticipation in the prior art, and I have found in none of these any evidence which would lead one to believe that the Gray patent was so anticipated.

### Obviousness.

Defendant's argument here is based upon the supposition that the material, barium titanate, was not available in quantity prior to 1945. Defendant asserts that just as soon as the material became available there were a number of inventors who, almost simultaneously, discovered the phenomenon of the existence of piezoelectricity in the material. There these inventors were:

(1) Howatt, Pat. 2,640,165 (Ex. AJ), application filed May 29, 1948;

(2) Cherry, Pat. 2,538,554 (Ex. F), application filed August 22, 1947, and

(3) Crownover & Koren, Pat. 2,769,-867 (Ex. G), application filed September 9, 1947.

Nevertheless, it appears that several experts, who were employees of companies which developed barium titanate, worked on the material at least as early as 1941 without discovering that the material could be made piezoelectric; see e. g., Wainer, whose patents I have already discussed, and Thurnauer, Pat. 2,429,-588 (Ex. C), application filed October 2, 1941. While these experts noted that the material had dielectric qualities, they failed to find that it could be made piezoelectric.

### Mere new use for an old composition.

Prior to the Gray patent the ceramic barium titanate was known to have dielectric properties and to be useful as a condenser. It was not known, however, that the material could be made permanently piezoelectric so as to be used as a transducer. There is no question that the patent in suit taught a new use for a pre-existing material; but this new use is certainly non-analogous to any use made of the material prior to the invention of Gray. There is no analogy between a condenser and a transducer.

Therefore, I hold that the claims in issue are valid.

The Court of Claims held that the government infringed Claims 1, 2, 11, 12 and 15 of the Gray patent but made no findings as to infringement and validity of Claims 3 through 7. It is my opinion that there is contributory infringement by defendant herein of Claims 1 through 7, and direct infringement of Claims 11, 12 and 15.

Defendant contends that the polarized material it sells is capable of being used for purposes other than as a transducer and, that therefore, there could be no contributory infringement. Its expert witness testified that the polarized barium titanate could be used in a filter and

in a heat detector. However, no evidence was introduced by defendant which showed an actual use of the material for purposes other than as a transducer.

From Exhibit 26–D–122 it appears that Gray successfully tested and operated a transducer in the fall of 1945. See pp. 19, 38 and 41. Accordingly, I find that the date of invention was November 21, 1945.

In accordance with the foregoing, plaintiffs shall prepare and submit findings of fact, conclusions of law, and judgment in one document, the judgment to provide for an injunction and to be interlocutory.